UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | |
|---|---|
| GEORGE BROTHERS PROPANE AND FERTILIZER CORPORATION, A Nebraska Corporation, | )<br>)<br>) No. 4:07-cv-03053-RGK-DLP |
| Plaintiff, | ) STIPULATION AND PROTECTIVE<br>) ORDER, AND AGREED MOTION FOR |
| v. | ) ENTRY OF SAME |
| MMA INSURANCE COMPANY AND NAOMI CORNELIUS, PERSONAL REPRESENTATIVE of the ESTATE OF ROBERT A. PENNER, DECEASED, | )<br>)<br>)<br>) |
| Defendants, | ) |
| MMA INSURANCE COMPANY, | ) |
| Defendant/Cross-Claimant/<br>Cross-Claim Defendant, | ) |
| v. | ) |
| THE ESTATE OF ROBERT A. PENNER, SR., (DECEASED) and NAOMI CORNELIUS, as PERSONAL REPRESENTATIVE of the ESTATE OF ROBERT A. PENNER, DECEASED. | )<br>)<br>)<br>)<br>) |
| Defendants/Cross-Claim Defendants/<br>Cross-Claimant. | ) |

This matter comes before the Court upon stipulation of the Parties, Plaintiff George Brothers Propane and Fertilizer Corporation ("George Brothers"), Defendant/Cross-claimant/Cross-claim Defendant MMA Insurance Company ("MMA") and Defendants/Cross-claimants/Cross-claim Defendants the Estate of Robert A. Penner, Sr., (Deceased) Naomi

{00432945.DOC}

Cornelius, as Personal Representative of the Estate of Robert A. Penner (collectively, the "Estate") (George Brothers, MMA and the Estate are collectively referred to herein as the "Parties," individually, the "Party") to enter a Protective Order concerning the confidentiality of documents and information to be produced in this matter, and the Agreed Motion of the Parties to enter the same as a Protective Order pursuant to Fed.R.Civ.P. 26(c) and NECivR 7.3.  This case involves insurance coverage issues arising from a September 26, 2005 accident of Mr. Penner and the resulting medical expenses.  As such, this case will require the parties' disclosure and use of Mr. Penner's personal health information and may involve the disclosure and use of other proprietary and confidential information of the Parties, such as employment records and information.  Because of this, the Parties stipulate to the foregoing Protective Order, as a means of maintaining the confidentiality of this information and the disposal of it following the resolution of this case.  Due notice having been given, and good cause having been shown, the Court enters the following Protective Order.  It is therefore:

ORDERED, that all documents and information produced in this case by any Party shall be subject to this Stipulation and Protective Order (the "Protective Order"):

1.     This Protective Order shall govern the disclosure of all protected health information ("PHI") of Robert A. Penner, Sr., as defined by 45 C.F.R. §§ 160.103, 164.501.  This Order is intended to authorize such disclosures of PHI under the privacy regulations issued pursuant to Health Insurance Portability and Accountability Act ("HIPAA").  42 U.S.C. § 1320d-1329d-8; 45 C.F.R. § 164.512(e)(1)(i).

2.     This Order also governs the disclosure and use by the parties of a Party's proprietary and confidential information.

3. This Protective Order shall also govern all documents and information, including PHI and otherwise confidential information, produced by any Party and designated by it as "Confidential." The Party shall designate material as Confidential either by confirming in writing to the opposing attorney that the material is considered Confidential, or by placing a marking on the document in a manner which will not interfere with its legibility, indicating that the document is "Confidential," which shall mean that it is produced subject to this Protective Order.

4. This Protective Order shall apply to and govern all documents and information designated by a Party as Confidential whether or not such documents or information are informally produced or produced in response to a formal discovery request in this case. A Party may designate its answers to interrogatories, responses to other discovery requests and deposition testimony as Confidential, protected by this Protective Order.

5. In the event that any Confidential material is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript or other paper filed with the Clerk of the Court, such Confidential materials shall be filed under seal pursuant to NECivR 7.5(a), without obtaining further order of the Court. Although entire transcripts containing Confidential testimony shall be marked as "Confidential," only such testimony as has been designated as Confidential shall be subject to the protections of this Protective Order.

6. No documents or information designated as Confidential shall be filed with this Court except pursuant to NECivR 7.5(a) with the proper safeguards protecting against disclosure to the public. The Clerk of the Court is directed to maintain such documents under

seal, to be made available only to the Court and counsel of record for the Parties as herein provided.

      7.      No portion of the documents or information marked Confidential shall otherwise be released except upon Court Order for good cause shown or upon the written authorization of the Party designating the documents as confidential.

      8.      Except as otherwise directed by this Court, the documents and information produced and designated by a Party as Confidential and protected by this Order shall be revealed only to:

      a.      Parties in this action;

      a.      counsel of record for the Parties in this action;

      a.      employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the action;

      a.      employees of a Party required in good faith to provide assistance in the conduct of the action in which the information was disclosed;

      a.      court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

      a.      consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of the action;

      a.      potential witnesses, if otherwise permitted under the applicable ethical rules governing such contacts and subject to any restrictions that may already exist regarding contacts with any such person, if counsel for the disclosing Party in good faith believes such person may be a witness in this case. Such person to whom Confidential information is disclosed under paragraph 6(e) shall only be allowed to inspect the Confidential documents, but shall not be allowed to retain any copies of documents containing Confidential information;

      a.      the Court and Court personnel for any purpose the Court finds necessary; and

      a.      jurors and Court personnel at the trial of this action.

1.      With the exception of persons identified in subparts (h) and (i) of Paragraph 6 above, no person entitled to access to protected documents or information under this Protective Order shall be provided with the protected documents or information unless such individual has read this Protective Order and agreed to abide by its terms. No person entitled to access to Confidential documents or information shall discuss the contents of such materials with

any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.

2. Counsel for the Party to whom Confidential material is disclosed shall maintain a list of all persons who inspect or review Confidential material produced, or who receive any copies of such Confidential material pursuant to this Protective Order, and shall make such a list available to counsel for the disclosing Party, at his or her request or if required by this Court at the conclusion of this litigation.

3. The Confidential materials produced pursuant to the terms of this Protective Order shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose. See 45 C.F.R. § 164.512(e)(1)(v).

4. Within forty-five (45) days after the conclusion of this litigation, all Confidential materials produced pursuant to the terms of this Protective Order, and all copies, summaries, inventories and abstracts of all such materials (however maintained), shall be returned to counsel of record for the producing Party, except as this Court may otherwise order; provided however that nothing contained in this Protective Order shall be construed to preclude the Parties, at the conclusion of this litigation, from mutually agreeing to alternative means for the disposal of information designated as Confidential, or as prohibiting the attorneys of record from retaining copies of any information obtained in this case provided the information is used for internal purposes only.

5. Following termination of this litigation, the provisions of this Protective Order relating to the confidentiality of protected documents and information shall continue to be binding, except with respect to documents or information which are no longer Confidential.

This Court retains jurisdiction over all persons provided access to Confidential materials for enforcement of the provisions of this Protective Order following termination of this action.

      6.      Neither this Protective Order nor the designation of any item as Confidential shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding.

      7.      Nothing in any provision of this Protective Order, nor the designation of confidentiality of any materials by a Party producing same under the terms of this Protective Order, shall be deemed an admission by any other Party subject to this Protective Order that the materials constitute Confidential information. Designation of confidentiality in advance of trial of any document or information as Confidential shall be neither dispositive nor presumptive for purposes of deciding or determining any factual or legal issue in this case. All such legal issues or factual determinations shall be preserved for trial and no Party may introduce into evidence or otherwise refer to another Party's failure to challenge a Confidential designation under this Protective Order for any purpose. Nor shall this Protective Order be deemed to preclude any Party from seeking or obtaining, on the appropriate showing, additional protection with respect to the Confidentiality of documents or information.

      8.      If any Party elects to challenge the designation of Confidentiality of any document or information pursuant to this Protective Order in advance of trial, that Party (the "Receiving Party") shall notify the other Party (the "Producing Party") of its challenge, in writing, within fifteen (15) business days of receipt of the challenged document or information or after the challenged document or information is designated as Confidential. If the parties are still unable to reach an Agreement after the challenge, the Receiving Party may seek a court

order determining whether, or on what terms, the challenged documents and/or information are entitled to treatment as Confidential material under this Order.  The Producing Party shall bear the burden of proof on the issue of whether the challenged documents and/or information fall within the protections set forth in this Order.  The service of the written notice described above does not remove the challenged documents and/or information from the protections set forth in this Order.  Until the Parties resolve the dispute among themselves, the Producing Party waives the claim of confidentiality, or the Court resolves the dispute regarding whether the challenged documents and/or information are entitled to the protections set forth in this Order, the challenged documents and/or information shall retain the protections set forth in this Confidentiality Order.

9. To expand this Protective Order without withholding production, a Party shall designate the documents and the additional protection sought when produced.  If the producing Party is not voluntarily given the additional protection by agreement with the other Parties, the Party seeking the additional protection must file a motion within ten (10) days of the date on which the documents or information was produced.  Any documents actually produced with a request for additional protection shall have the additional protection sought until this Court resolves the motion.

10. Violation by any person or any provision of this Protective Order shall be punishable as contempt of court.  Further, the Party whose Confidential material is disclosed may pursue any and all legal and equitable relief available to it for breach of the terms of this Order.

11.     Prior to introduction of any documents designated as "Confidential"at trial, counsel for the Parties shall confer and then present to the Court for approval their proposed procedure for introducing "Confidential" designated documents at trial.

12.     This Order supersedes and replaces the stipulated Protective Order entered by this Court on March 28, 2007.

IT IS SO ORDERED.

Dated this 4th day of June, 2007.

BY THE COURT

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

AGREED TO:

Dated: _____ ___, 2007

| | |
|---|---|
| DONALD G. THOMPSON (#LI0015178)<br>MATTHEW S. CARSTENS (#LI0020208)<br>Bradley & Riley PC<br>2007 First Avenue, SE<br>P.O. Box 2804<br>Cedar Rapids, IA 52406-2804<br>Phone: (319) 363-0101<br>Fax:    (319) 363-9824<br>Email: thill@bradleyriley.com<br>Email: mcarstens@bradleyriley.com<br><br>Attorneys for MMA Insurance Company | RALPH BRADLEY<br>MARVIN ANDERSEN<br>Bradley, Elsberned, Emerton, Andersen & Kneale, PC<br>P.O. Box 639<br>202 West 3rd Street<br>Grand Island, NE 68802<br><br>Attorneys for the Estate of Robert A. Penner, Sr., (Deceased) and Naomi Cornelius, its Personal Representative |
| STEPHEN L. AHL<br>RENEE A. EVELAND<br>Wolfe, Snowden, Hurd, Luers & Ahl, LLP<br>Wells Fargo Center<br>1248 O Street, Suite 800<br>Lincoln, NE 68508<br><br>Attorney for George Brothers Propane And Fertilizer Corporation | |

{00432945.DOC}                       10