IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE BROTHERS PROPANE AND FERTILIZER CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 4:07CV3053 |
| v. | ) ) | |
| MMA INSURANCE COMPANY and NAOMI CORNELIUS, Personal Representative of the Estate of Robert A. Penner, Deceased, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

The parties disagreed in their planning report as to whether plaintiff was entitled to a jury trial. See Filing 17, p. 25. In the initial progression order I ruled that the plaintiff had waived its right to demand a jury trial, and gave plaintiff until May 15, 2007 to file a motion for jury trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure. See Order of April 19, 2007, Filing 18, Para. 13. Rather than file a motion for jury trial, however, plaintiff filed a jury demand on May 14, 2007. Filing 24. On June 6, 2007 I entered an order construing plaintiff's jury demand as a motion for jury trial pursuant to Rule 39(b), and gave defendants time in which to respond to it. Filing 38. However, on that same day, defendant MMA Insurance Company filed a motion to strike the jury demand. Filing 39. Defendant MMA Insurance Company has filed briefs in support of its motion to strike and in opposition to the construed motion for jury trial. Plaintiff has not filed any briefs or any evidence related to the issue.

MMA argues that the demand for jury trial should be stricken for three reasons. First, it is not timely made or in accordance with the court's prior orders. Second, the matter is preempted by ERISA, and as such, no jury trial is permitted. Third, even if not preempted by ERISA, the issues to be tried are matters for the court, not a jury, to decide. See Brief in Opposition to Jury Trial, Filing 46.

Plaintiff did not file a jury demand at the time of its filing its complaint in state court, but none was required by Nebraska procedural law to be filed. Neb. Rev. Stat. 25-1104. However, when the case was removed to this court, plaintiff was required by NECivR 81.1 to file its jury demand in accordance with Rule 81(c) of the Federal Rules of Civil Procedure. It did not do so, and waived its right to jury trial. See, Bruns v. Amana, 131 F.3d 762, 762 (8th Cir. 1997) (District of Nebraska's local rule is a "directive" within the meaning of Fed. R. Civ. P. 81(c)).

Despite having opportunities to inform the court of its reasons in delaying its efforts to obtain a jury trial, plaintiff has not done so. Thus, there is nothing before me by which I should conclude there are equities favoring the plaintiff's supposed position. In this circumstance, I see no reason to exercise the court's discretion in granting the plaintiff a jury trial after it failed to timely demand one. Regardless of the ERISA issues, I conclude the matter should be tried to the court without a jury.

IT THEREFORE HEREBY IS ORDERED:

1. The plaintiff's demand for jury trial, filing 24, construed as a motion for jury trial, is denied.

    2.  Defendant MMA's motion to strike demand for jury trial, filing 39, is granted.

    DATED:  June 26, 2007.

                        BY THE COURT

                        s/ *David L. Piester*
                        David L. Piester
                        United States Magistrate Judge