```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| GEORGE BROTHERS PROPANE AND FERTILIZER CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | 4:07CV3053 |
| v. | ) ) | |
| NAOMI CORNELIUS, Personal Representative of the Estate of Robert A. Penner, Deceased, and MMA INSURANCE COMPANY, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

Defendant MMA has moved for a protective order and supported the motion with evidence. Filings 48 and 49. After the filing of the motion, MMA filed supplemental evidence and its brief on July 10, 2007. Thus, under the local rules, the other parties' responses to the motion are not due until July 27, 2007. (Ten working days plus three days for mailing. See NECivR 7.1(b); Fed. R. Civ. P. 6(a) and (e)).

On July 19, 2007, however, the movant's counsel telephoned the court and advised that the motion is unopposed. The court had not previously been so advised.[1] Had the court been earlier advised or a stipulation of all counsel filed, the court could have addressed the motion for protective order promptly after its

---

[1] Movant's counsel submitted a proposed order with the filing of the motion. That order is titled, "STIPULATION AND PROTECTIVE ORDER REGARDING ATTENDANCE AT DEPOSITIONS." However, there was no accompanying stipulation of counsel filed; the motion did not state it was agreed to by all counsel; and the proposed order did not state that it had been approved by all counsel. Chambers staff contacted counsel for plaintiffs on July 18, 2007 to inquire whether the motion was unopposed, and at the time of MMA's counsel's call, had not received a response.

filing.[2]  The local rules require that the court wait until all parties have had an opportunity to respond to a motion under the court's local rules before considering the motion or the evidence in support of it.  Thus, at the time of Mr. Marstens' call, the court had not examined the evidence filed in support of the motion, because it was not yet "ripe" for consideration.  Counsel is advised in the future to clearly state in any unopposed motion filed that he is authorized by opposing counsel to inform the court that the motion is not opposed, or alternatively, to file a stipulation in support of the motion signed by all counsel.  See, NECivR 29.1.  Counsel's representations to the court are governed by Rule 11 of the Federal Rules of Civil Procedure.

Since Mr. Carstens' phone call, however, and contrary to Mr. Carstens' representations to chambers staff, the plaintiff has filed a motion seeking an extension of time in which to respond to the defendant's motion for protective order.  Filing 59.  The affidavit of plaintiff's counsel filed in support of the motion for additional time indicates that the motion for protective order may be opposed.  Filing 60, Ex. 2, ¶ 11.

The matter of whether the pending motion for protective order is unopposed is an important one.  Not only is delay a

---

[2]Since the filing of the instant motion, Mr. Carstens filed a "Stipulation Regarding Scheduling Orders and Agreed Motion for Entry of Same" (filing 55), which, although it also was not, in fact, a stipulation nor accompanied by a stipulation of all counsel, did recite in the motion that it was unopposed.  He also emailed the court a proposed order titled, "Stipulation Regarding Scheduling Orders and Agreed Motion for Entry of Same."  Despite the lack of a stipulation by all counsel on that motion, because of its nature and because the recitation that it was unopposed is governed by Fed. R. Civ. P. 11, I approved the order and revised the scheduling order.  Filing 57.

factor, but also compliance with the local rules prior to filing a discovery motion is mandatory.  NECivR 7.1(i) requires that the motion itself recite that moving counsel has had "personal consultation" with opposing counsel in an attempt to resolve the matter without the need for the court's intervention, and further, the date, time and circumstances of such consultation.  The pending motion does not comply with that requirement.  Hence, in its present form the motion must be denied without consideration of its merits.

I shall, however, give the parties an opportunity to comply with NECivR 7.1(i) and inform me of what, if anything, is disputed regarding the motion for protective order.  Once that process has been completed, I can resolve whatever may be in dispute.  If nothing further is filed, I shall assume the matter has been resolved by counsel.

IT THEREFORE HEREBY IS ORDERED:

1.  MMA is given five working days from the date of this order in which to confer with opposing counsel pursuant to NECivR 7.1(i) and file an affidavit reciting such compliance and stating specifically what, if anything, remains disputed with respect to the pending motion for protective order.  In the absence of any further filing, the motion, filing 48, shall stand denied.

2.  Plaintiff's motion for extension of time, filing 59, is granted, and plaintiff may respond to MMA's filing made pursuant to paragraph 1 above on or before August 3, 2007.

DATED this 20th day of July, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge